**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

_____

CHRISTOPHER Q.,

                                    Plaintiff,

v.                                                              1:24-CV-01456
                                                                  (AJB/DJS)

COMMISSIONER OF SOCIAL
SECURITY,

                                    Defendant.

_____

**APPEARANCES:**                                    **OF COUNSEL:**

HILLER COMERFORD INJURY                    MELISSA M. KUBIAK, ESQ.
& DISABILITY LAW
Attorney for Plaintiff
6000 North Bailey Avenue, Suite 1A
Amherst, NY 14226

SOCIAL SECURITY ADMINISTRATION          NATASHA OELTJEN, ESQ.
OFFICE OF GENERAL COUNSEL
Attorney for Defendant
6401 Security Boulevard
Baltimore, MD 21235

**DANIEL J. STEWART**
**United States Magistrate Judge**

**REPORT AND RECOMMENDATION and ORDER**[1]

Plaintiff, Christopher Q., brought this action pursuant to 42 U.S.C. § 405(g) seeking

review of a decision by the Commissioner of Social Security that Plaintiff was not disabled.

Currently before the Court are Plaintiff's Motion for Judgment on the Pleadings and

---

[1] This matter was referred to the undersigned for a Report-Recommendation pursuant to L.R. 72.3(e).

Defendant's Motion for Judgment on the Pleadings. Dkt. Nos. 13, 20. Plaintiff filed a reply. Dkt. No. 22. For the reasons set forth below, it is recommended that Plaintiff's Motion for Judgment on the Pleading be denied and Defendant's Motion be granted.

## I. BACKGROUND

### A. Factual Background

Plaintiff was born in 1999. Dkt No. 9, Admin Tr. ("Tr."), p. 320. Plaintiff alleges disability due to post traumatic stress disorder, possible borderline personality disorder, severe foot pain, anxiety, depression, insomnia, and hypothyroidism. Tr. at p. 92. On March 7, 2022, Plaintiff applied for child insurance benefits under Title II, and applied for supplemental security income, under Title XVI, on April 13, 2022. Tr. at pp. 320-30. Plaintiff's applications were denied, Tr. at pp. 151-78, as was reconsideration. Tr. at pp. 180-95. Plaintiff then timely requested a hearing before an Administrative Law Judge ("ALJ"). Tr. at pp. 217-19 & 238-40. Plaintiff subsequently appeared and testified at a hearing before ALJ Andrew Soltes on April 18, 2024, along with vocational expert Patricia Highcove. Tr. at pp. 34-82. On July 26, 2024, ALJ Soltes issued a written decision finding Plaintiff was not under a disability from August 1, 2020, through the date of the decision. Tr. at pp. 15-26. On October 7, 2024, the Appeals Council denied Plaintiff's request for review. Tr. at pp. 1-6.

### B. The ALJ's Decision

In his decision the ALJ made the following findings of fact and conclusions of law. First, the ALJ found Plaintiff had not attained age 22 as of August 1, 2020, the alleged onset date. Tr. at p. 17. Second, the ALJ found Plaintiff had not engaged in substantial

2

gainful activity since August 1, 2020, the alleged onset date. *Id*. Next, the ALJ found Plaintiff had the following severe impairments: muscle fasciculation, neuralgia and neuritis, depressive disorder, anxiety disorder, and attention deficit/hyperactivity disorder. Tr. at p. 18. Fourth, the ALJ found Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. *Id*. Fifth, the ALJ found Plaintiff has the residual functional capacity ("RFC"):

> to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except that he can occasionally stoop and crouch; he is unable to kneel or crawl; he is unable to climb ladders, ropes, or scaffolds; he must avoid unprotected heights as well as the use of heavy machinery and motor vehicles for work purposes; he is limited to occupations where ambulation is generally performed on even surfaces; and he is limited to unskilled low stress occupations, specifically defined as occupations consisting of simple, routine tasks, few changes in the workplace setting, no interaction with the general public, and only occasional interaction with co-workers and supervisors.

Tr. at p. 20. Sixth, the ALJ found Plaintiff had no past relevant work. Tr. at p. 24. Lastly, the ALJ found that, based on Plaintiff's age, education, work experience, and RFC, jobs exist in significant numbers in the national economy that he could perform. *Id*. The ALJ therefore concluded Plaintiff had not been under a disability, as defined in the Social Security Act, from August 1, 2020, through the date of his decision. Tr. at p. 25.

## II. RELEVANT LEGAL STANDARDS

### A. Standard of Review

A court reviewing a denial of disability benefits may not determine de novo whether an individual is disabled. 42 U.S.C. § 405(g); *Wagner v. Sec'y of Health & Human Servs*., 906 F.2d 856, 860 (2d Cir. 1990). Rather, the Commissioner's determination will be

reversed only if the correct legal standards were not applied, or it was not supported by substantial evidence. *See Johnson v. Bowen*, 817 F.2d 983, 986 (2d Cir. 1987) ("Where there is a reasonable basis for doubt whether the ALJ applied correct legal principles, application of the substantial evidence standard to uphold a finding of no disability creates an unacceptable risk that a claimant will be deprived of the right to have her disability determination made according to the correct legal principles."); *accord Grey v. Heckler*, 721 F.2d 41, 46 (2d Cir. 1983), *Marcus v. Califano*, 615 F.2d 23, 27 (2d Cir. 1979). "Substantial evidence" is evidence that amounts to "more than a mere scintilla," and has been defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971). Where evidence is deemed susceptible to more than one rational interpretation, the Commissioner's conclusion must be upheld. *Rutherford v. Schweiker*, 685 F.2d 60, 62 (2d Cir. 1982).

"To determine on appeal whether the ALJ's findings are supported by substantial evidence, a reviewing court considers the whole record, examining evidence from both sides, because an analysis of the substantiality of the evidence must also include that which detracts from its weight." *Williams v. Bowen*, 859 F.2d 255, 258 (2d Cir. 1988). If supported by substantial evidence, the Commissioner's finding must be sustained "even where substantial evidence may support the plaintiff's position and despite that the court's independent analysis of the evidence may differ from the [Commissioner's]." *Rosado v. Sullivan*, 805 F. Supp. 147, 153 (S.D.N.Y. 1992). In other words, this Court must afford the Commissioner's determination considerable deference and may not substitute "its own judgment for that of the [Commissioner], even if it might justifiably have reached a

different result upon a *de novo* review." *Valente v. Sec'y of Health & Human Servs.*, 733 F.2d 1037, 1041 (2d Cir. 1984).

### B. Standard to Determine Disability

The Commissioner has established a five-step evaluation process to determine whether an individual is disabled as defined by the Social Security Act. 20 C.F.R. §§ 404.1520, 416.920. The Supreme Court has recognized the validity of this sequential evaluation process. *Bowen v. Yuckert*, 482 U.S. 137, 141-42 (1987). The five-step process asks:

> (1) whether the claimant is currently engaged in substantial gainful activity; (2) whether the claimant has a severe impairment or combination of impairments; (3) whether the impairment meets or equals the severity of the specified impairments in the Listing of Impairments; (4) based on a "residual functional capacity" assessment, whether the claimant can perform any of his or her past relevant work despite the impairment; and (5) whether there are significant numbers of jobs in the national economy that the claimant can perform given the claimant's residual functional capacity, age, education, and work experience.

*McIntyre v. Colvin*, 758 F. 3d 146, 150 (2d Cir. 2014). "If at any step a finding of disability or non-disability can be made, the SSA will not review the claim further." *Barnhart v. Thompson*, 540 U.S. 20, 24 (2003).

### III. ANALYSIS

A claimant's RFC is the most he or she can do despite his or her limitations. 20 C.F.R. § 404.1545(a)(1). "Ordinarily, RFC is the individual's maximum remaining ability to do sustained work activities in an ordinary work setting on a regular and continuing basis. A regular and continuing basis means eight hours a day, for five days a week, or an equivalent work schedule." *Elizabeth B. v. Comm'r of Soc. Sec.*, 2022 WL 17721254, at

*7, (N.D.N.Y. December 15, 2022) (quoting *Pardee v. Astrue*, 637 F. Supp. 2d 200, 210 (N.D.N.Y. 2009)).  "In making a residual functional capacity determination, the ALJ must consider a claimant's physical abilities, mental abilities, symptomology, including pain and other limitations which could interfere with work activities on a regular and continuing basis."  *Id*. (citing 20 C.F.R. § 404.1545(a)).  "Ultimately, '[a]ny impairment-related limitations created by an individual's response to demands of work . . . must be reflected in the RFC assessment.'"  *Hendrickson v. Astrue*, 2012 WL 7784156, at *3 (N.D.N.Y. Dec. 11, 2012) (quoting SSR 85-15, 1985 WL 56857, at *8).  The RFC determination "must be set forth with sufficient specificity to enable [the Court] to decide whether the determination is supported by substantial evidence."  *Ferraris v. Heckler*, 728 F.2d 582, 587 (2d Cir. 1984).

Plaintiff argues "the ALJ failed to explain the discrepancies between social interactions in the RFC finding where he limited Plaintiff to no interactions with the general public, but found that he was capable of occasional interactions with coworkers and supervisors." Dkt. No. 13, Pl.'s Mem. of Law at p. 16.  Additionally, Plaintiff argues "[t]he ALJ further erred where he appeared to impermissibly rely on his own lay interpretation of the evidence for the physical portion of the RFC finding after declining [to] follow any of the medical opinions but also declining to find Plaintiff's statements fully consistent with evidence."  *Id*.  Defendant counters that Plaintiff has failed to explain why the distinction between Plaintiff's tolerance for interacting with the general public as compared to coworkers and supervisors was material, "much less point to any evidence in the record suggesting greater limitations."  Dkt. No. 20, Def.'s Mem. of Law at p. 9.  Defendant

further contends that, for the physical RFC, "Plaintiff does not point to any evidence in the record contradicting or undermining this finding – other than his testimony." *Id*. at pp. 5-6.

## A. The ALJ's Mental RFC Determination is Supported by Substantial Evidence

ALJs must "conduct a distinct analysis that" permits "adequate review on appeal." *Aung Winn v. Colvin*, 541 F. Appx. 67, 70 (2d Cir. 2013) (quotation omitted). Every conclusion the ALJ reaches must be supported by relevant evidence. *See Heckman v. Comm'r of Soc. Sec.*, 2019 WL 1492868, at * 3 (W.D.N.Y. Apr. 4, 2019). Indeed, the ALJ's decision must create "an accurate and logical bridge from the evidence to [his] conclusion." *Hickman ex rel. M.A.H. v. Astrue*, 728 F. Supp. 2d 168, 173 (N.D.N.Y. 2010) (quotation omitted) (alteration in original).

In formulating Plaintiff's mental RFC, the ALJ considered five medical opinions assessing Plaintiff's mental limitations. Tr. at pp. 19-20.[2] On August 16, 2022, Patricia Cameron, Ph.D., completed a psychiatric evaluation of Plaintiff. Tr. at pp. 664-68. She opined "there does not appear to be any evidence of limitations seen in his ability [to] understand, remember, or apply simple or complex directions and instructions, to use reason and judgment to make work-related decisions, or to interact adequately with supervisors, coworkers, and the public." Tr. at p. 667. Dr. Cameron noted "[t]he results of the examination appear to be consistent with psychiatric problems, but in itself, this does

---

[2] The ALJ considered the opinion of licensed clinical social worker Laura Siene Giordano for Plaintiff's overall mental limitations. Tr. at pp. 20 & 728. Her opinion only involved time off-task and absenteeism, which is not relevant to Plaintiff's ability to interact with others. *Id*.

not appear to be significant enough to interfere with the claimant's ability to function on a daily basis." *Id*.

On April 3, 2023, Jeanne Villani, Psy.D. performed a psychiatric evaluation of Plaintiff. Tr. at pp. 721-25. Dr. Villani noted Plaintiff "socializes mostly with his landlord who is his friend," he "ran away from most of [his] family," and "[h]e does not go out unless he has to, mostly for doctor appointments." Tr. at p. 724. She opined Plaintiff has "[m]ild limitations to use reason and judgment to make work-related decisions, interact adequately with supervisors, co-workers, and the public. . . ." *Id.* Dr. Villani also noted "[t]he results of the examination appear to be consistent with psychiatric problems, but in itself this does not appear to be significant enough to interfere with the claimant's ability to function on a daily basis." *Id*.

On August 22, 2022, state reviewing psychologist Y. Sherer, Psy.D. reviewed Plaintiff's medical records, including the results of the consultative evaluation performed by Dr. Cameron, and concluded Plaintiff had: no limitations in his ability to understand, remember, or apply information, and interact with others; and mild limitations in his ability to concentrate, persist, or maintain pace, and adapt or manage himself. Tr. at p. 122. On June 5, 2023, state reviewing psychologist S. Shapiro, Ph.D., affirmed Dr. Sherer's opinion. Tr. at p. 133.

The ALJ noted, "although the claimant has at times been observed to have anxious mood and affect, throughout the relevant period he has otherwise been observed to be cooperative and to have clear and fluent speech, linear thought process, intact memory, normal concentration, good judgment, and full orientation to time, place and person." Tr.

8

at p. 19 (citing Tr. at pp. 477-78, 584, 591-92, 651, 665, 694, 746, 750, 770, 779, 781-82, 845, 852, 855, 872, 879, & 884). In his decision, the ALJ concluded Plaintiff was capable of occasionally interacting with coworkers and supervisors but unable to interact with the public. Tr. at p. 20. Plaintiff maintains that remand is warranted because the ALJ failed to explain why he assessed differing capacities for interaction for these distinct groups. Pl.'s Mem. of Law at pp. 16-17. The Court disagrees.

The evidence of record does not support the finding of more than mild limitations in Plaintiff's ability to engage in social interactions with supervisors, coworkers, and the public. Indeed, the non-examining reviewing physicians assessed at most mild limitations in social functioning, and the examining physicians opined no limitations to mild limitations in his ability to engage in work-related social interactions. Tr. at pp. 122, 667, & 724. Such interaction limitations are generally accounted for adequately by restricting an individual to unskilled work – a limitation contained in the RFC formulated by the ALJ in this case. *Lee W. v. Comm'r of So. Sec.*, 2021 WL 1600294, at *6 (W.D.N.Y. Apr. 23, 2021) ("As such, unskilled work, by definition, already accounts for limitations in mental functioning, including limitations interacting with others. . . ."). In addition to limiting Plaintiff to unskilled work, the ALJ assessed specific limitations with respect to Plaintiff's ability to interact with other individuals in the workplace. Tr. at p. 20.

In challenging the ALJ's determination, Plaintiff fails to identify substantial evidence in the record demonstrating that the interaction limitations assessed by the ALJ were not sufficiently restrictive; rather, he faults the ALJ for failing to explain sufficiently why he assessed greater limitations in Plaintiff's ability to interact with the public than

9

with supervisors.  The ALJ's determination to limit Plaintiff to no contact with the public, however, is more restrictive than the limitations identified in the medical opinions and, if anything, is more favorable to the Plaintiff.  Accordingly, any error by the ALJ in this regard is harmless.  *Cynthia E. v. Comm'r of Soc. Sec.*, 2023 WL 8432332, *5 (N.D.N.Y. Dec. 5, 2023) ("the ALJ's RFC limitation to no contact with the public is more restrictive than [the medical opinions of record] and more favorable to plaintiff[;] . . . [p]laintiff did not explain . . . why the ALJ's more restrictive limitation is harmful"); *Jiminez v. Colvin*, 2018 WL 459301, *3 (W.D.N.Y. Jan. 18, 2018) ("[w]hile there is substantial evidence in the record to support a finding that plaintiff has more moderate limitations in relating adequately to others . . . , the ALJ fails to sufficiently support or explain his finding that plaintiff could have no contact with the general public (rather than occasional contact, as with coworkers and supervisors)[;] . . . [h]owever, because the RFC described by the ALJ was erroneous only to the extent that it may have incorporated *greater* limitations than are supported by the evidence or record rather than fewer, that error is harmless").  Nor is the failure to explain the distinction between groups a basis for remand.  *Coughlin v. O'Malley*, 719 F. Supp. 3d 228, 237 (E.D.N.Y. 2024) ("[t]he [c]ourt . . . respectfully rejects [plaintiff's] suggestion that the ALJ's finding that [plaintiff] could never interact with the public undermined his finding that she could occasionally interact with supervisors and coworkers[;] . . . [t]he ALJ did not err by applying caution and making [plaintiff's] RFC more restrictive, even if he did not explain exactly what evidence supported his findings regarding interactions with each specific group of people") (internal quotations and

brackets omitted); *Maria C.T. v. Comm'r of Soc. Sec.*, 2022 WL 2904367, at *9-10 (N.D.N.Y. July 22, 2022).

The Court, therefore, finds no error in the RFC's finding regarding Plaintiff's ability to interact with others.

### B. The ALJ's Physical RFC Determination is Supported by Substantial Evidence

Plaintiff argues that the ALJ improperly based his physical RFC finding on his own legal assessment of the medical records. Pl.'s Mem. of Law at pp. 18-20. Plaintiff is correct that an ALJ is "not a medical professional," and "is not qualified to assess a claimant's RFC on the basis of bare medical findings." *Benman v. Comm'r of Soc. Sec.*, 350 F. Supp. 3d, 252, 257 (W.D.N.Y. 2018) (quoting *Ortiz v. Colvin*, 298 F. Supp. 3d 581, 586 (W.D.N.Y. 2018)). As a result, the ALJ may not substitute his own judgment for competent medical opinion. *See Quinto v. Berryhill*, 2017 WL 6017931, at *12 (D. Conn. Dec. 1, 2017). There is no evidence that the ALJ did so here, however, and so this argument is not a basis for remand.

To begin, the ALJ considered and explicitly addressed the opinions of R. Reynolds, M.D.; K. Ahmed, M.D.; and Shankar Ganti, M.D. Tr. at p. 22. Dr. Ganti performed an internal medicine examination of Plaintiff on August 16, 2022, Tr. at pp. 670-73, and opined Plaintiff has no physical limitations. Tr. at p. 673. Likewise, Dr. Reynolds opined Plaintiff is limited to a full range of medium exertional work. Tr. at p. 128. Dr. Reynolds noted Plaintiff could stand and/or walk for a total of "[a]bout 6 hours in an 8-hour workday"

and could sit for a total of "[m]ore than 6 hours on a sustained basis in an 8-hour workday." Tr. at p. 125. Dr. Ahmed affirmed Dr. Reynolds' findings. Tr. at p. 135-37.

The ALJ was "somewhat, but not entirely, persuaded by [Drs. Reynolds and Ahmed's] assessments." Tr. at p. 22. Similarly, the ALJ was not persuaded by Dr. Ganti's assessment, "especially when crediting the claimant's longstanding complaints regarding use of his lower extremities, and his need for neuromuscular treatment." *Id*. The ALJ ultimately concluded that "while the record certain[ly] does show that the claimant is capable of full-time work, in countenancing the longstanding nature of his impairments and the fact that he is in need of treatment from a neuromuscular specialist, I find that he is appropriately limited to light exertional work with reduced postural performance and with avoidance of workplace hazards and ambulation on uneven ground." *Id*. In doing so, he clearly credited some of Plaintiff's testimony regarding his own limitations. *See*, *e.g.*, Tr. at pp. 49 & 59-61. "[T]is is consistent with the ALJ's obligation to consider and resolve conflicts in the record." *Donald P. v. Comm'r of Soc. Sec.*, 2023 WL 9284292, at *4 (N.D.N.Y. Dec. 20, 2023), *report and recommendation adopted*, 2024 WL 166840 (N.D.N.Y. Jan. 16, 2024); *see also Rachel G. v. Comm'r of Soc. Sec.*, 2021 WL 4820640, at *4 (W.D.N.Y. Oct. 15, 2021) ("[T]he mere fact that the ALJ found some portions of these opinions to be consistent with the evidence as a whole while others to be inconsistent is not error, rather a proper execution of the ALJ's duty to weigh all evidence and resolve conflicts.").

The ALJ did not err in finding limitations greater than those found by Drs. Reynolds, Ahmed, and Ganti. *See Spottswood v. Kijakazi*, 2024 WL 89635, at *2 (2d Cir. Jan. 9,

2024) (affirming where RFC was "slightly more restrictive" than opinions of consultative examiners and state agency consultants because record suggested greater limitations); *Ramsey v. Comm'r of Soc. Sec.*, 830 F. App'x 37, 39 (2d Cir. 2020) (finding ALJ's deviation "from consultative examiners' recommendations to *decrease* [claimant's] RFC based on other evidence in the record" was not error) (emphasis in original)). Indeed, that finding was to Plaintiff's benefit. And courts have repeatedly rejected the argument that an ALJ errs when the ALJ's more restrictive limitations are not explicitly tethered to the opinion of any medical provider. *See, e.g.*, *Watu L. v. Comm'r of Soc. Sec.*, 2026 WL 35042, at *6 (W.D.N.Y. Jan. 6, 2026); *Kiera D. v. Comm'r of Soc. Sec.*, 2024 WL 5116739, at *4 (W.D.N.Y. Dec. 16, 2024) ("While the ALJ assessed somewhat greater limitations than [a specific medical opinion] (based on the ALJ's review of the entire record), this was proper.").

Finally, it is worth noting that Plaintiff bears the burden of proving his RFC to be more restrictive than that found by the ALJ. *See Smith v. Berryhill*, 740 F. App'x 721, 726 (2d Cir. 2018) ("Smith has a duty to prove a more restrictive RFC[] and failed to do so."). Plaintiff has not met that burden here. Contrary to Plaintiff's suggestion that the ALJ simply "split the baby," Pl.'s Mem. of Law at p. 18, the result reached by the ALJ is better characterized as a careful balancing of the record evidence. Plaintiff testified and reported to his providers that standing for more than 30 minutes at a time caused pain in his feet, legs, and hips. Tr. at pp. 794 & 875. The treatment notes acknowledged some symptoms although repeated observations showed normal gait and stance, full strength throughout both legs, full squat, and Plaintiff's ability to walk on his heels and toes without difficulty.

Tr. at pp. 609, 671-72, 681, 718-19, & 858-59.  The ALJ "is not required to accept the claimant's subjective complaints without question; he may exercise discretion in weighing the credibility of claimant's testimony in light of the other evidence in the record." *Genier v. Astrue*, 606 F.3d 46, 49 (2d Cir. 2010).  Here, the ALJ clearly credited portions of Plaintiff's testimony, as well as portions of the differing medical opinions to reach an informed RFC determination.

In sum, the ALJ crafted the RFC based on the opinion evidence in the record, taking into account both Plaintiff's subjective complaints and the less restrictive opinions of the medical sources.  That was not error.  *See Ramsey v. Comm'r of Soc. Sec.*, 830 F. App'x at 39.  Because the ALJ was "entitled to weigh all of the evidence available to make an RFC finding that was consistent with the record as a whole," *Matta v. Astrue*, 508 F. App'x 53, 56 (2d Cir. 2013), and because the ALJ did just that, the RFC determination was supported by substantial evidence.

## IV. CONCLUSION

**WHEREFORE,** for the reasons stated herein, it is hereby

**RECOMMENDED**, that the Plaintiff's Motion for Judgment on the Pleadings (Dkt. No. 13) be **DENIED;** and it is further

**RECOMMENDED**, that Defendant's Motion for Judgment on the pleadings (Dkt. No. 20) be **GRANTED;** and it is further

**RECOMMENDED** that the Defendant's decision denying Plaintiff benefits be **AFFIRMED** and the Complaint be **DISMISSED**; and it is

14

**ORDERED**, that the Clerk of the Court shall serve copies of this Report-Recommendation and Order on the parties.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen days within which to file written objections to the foregoing report.  Such objections shall be filed with the Clerk of the Court.  **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN DAYS WILL PRECLUDE APPELLATE REVIEW**.  *Roldan v. Racette*, 984 F.2d 85 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15 (2d Cir. 1989)); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72.

Dated: February 9, 2026
　　　 Albany, New York

Daniel J. Stewart
U.S. Magistrate Judge